PER CURIAM.
We affirm in all respects with one exception. There is no determination, in connection with the sale of the marital home, respecting the credit due each party for expenses each paid on the marital property since the divorce.
A review of the agreement between the parties shows that it provided for the wife to pay the mortgage payments and the husband to pay the insurance and taxes, and that when the house was sold they would share equally in the net proceeds. There is no explicit provision about the impact of the parties’ respective undertakings on the calculation of respective shares of the net proceeds. In Brandt v. Brandt, 525 So.2d 1017, 1020 (Fla. 4th DCA 1988) (en. banc), because the agreement was silent as to ultimate liability for the ongoing expenses, it was determined that the normal principle of law must apply. The right of reimbursement was thus established by operation of law.
The same should apply here. As the trial court indicated orally but not in its order the property expenses each of the parties paid since the divorce should be offset against each other, and half of the difference assessed against the sales proceeds share of the one who paid less of the property’s expenses. It is theoretically possible that the taxes and insurance payments of the husband exceeded the mortgage payments of the wife, but it seems unlikely. Accordingly, we remand for a proper determination, respecting the credit due each party, based on the facts of the instant case and the operation of law.
ANSTEAD, LETTS and GLICKSTEIN, JJ., concur.