LOUIS BOLEY ET AL., APPELLANT. VS. E. F. SKINNER ET AL., APPELLEES.

1. When a cotenant has in good faith enhanced the value of part of the premises held in cotenancy by making improvements thereon, the fruits of such expenditure and industry will be secured to the one making the improvements in a partition of the common property by allotting to him the parcel so enhanced in value, or as much thereof as represents his share of the whole tract, provided it can be done consistently with an equitable partition of the estate.

2. The good faith required in making the improvements on part of the estate is that they should be honestly made, for the purpose of improving the property, and not of embarrassing another cotenant, or encumbering the estate, or hindering partition.

3. In directing a partition of real estate the court may assign to the parties respectively such parts of the estate as will best accommodate them and be of most value to them with reference to their respective situations in relation to the property before partition, if it can be done consistently with an equitable partition.

Appeal from the Circuit Court for Escambia county.

The facts in the case are stated in the opinion.

*John Eagan*, for Appellants.

*Blount & Blount*, for Appellees.

MABRY, C. J.:

A bill was filed in this case to partition real estate. The lands sought to be partitioned are embraced in two grants, one called the "Milan de la Carrera grant," lying on both sides of the Escambia river in the counties of Escambia and Santa Rosa, about 4085 acres on the west side in Escambia county, and about 1675 acres on the east side in Santa Rosa county; and the other grant known as the "Salvador Ramirez grant," containing about 400 arpents in Escambia county. There is no question as to the title and respective shares of the parties. Appellant Louis Boley, who was complainant in the court below, owns an undivided half interest in the lands, and appellees, E. F. Skinner and H. C. McDavid, defendants below, own each an undivided one-fourth interest. Skinner acquired an undivided half interest in the lands in August, 1881, and in November of the same year conveyed an undivided one-fourth interest to John McDavid, who sold his interest in September, 1887, to H. C. McDavid. Boley acquired his half interest in July, 1888. There is on the south end of the Carrera grant west of the river, and approaching near thereto, a bayou, and at this point the firm of Skinner & McDavid erected a boom by driving piling out into the river from the west shore some fifty or sixty feet, and some three-eighths of a mile long. They also cut a canal from the river to the bayou sufficiently large to admit logs from the one to the other, and the whole was used as a boom for the storage of rafts of timber

logs brought down the river. The construction of the boom was commenced in 1884, before Boley acquired his interest in the lands, but it does not appear that Skinner & McDavid obtained the consent of the then owners of the other half interest, who were non-residents, for the construction of the boom. It was constructed for use in connection with a saw mill owned by the firm of Skinner & McDavid, situated some eight miles distant, but not on the grant, and cost, with repairs, according to the testimony of appellees. about $4,500. The testimony of some of the witnesses for appellants tends to reduce this cost. The canal was about one hundred feet long, with a width of fifteen feet, and had side timbers fixed for conducting logs through it. It is clear from the showing made that the boom is of special value to the mill of Skinner & McDavid, and has been extensively used in connection with their mill business. The mill firm of Skinner & McDavid is composed of E. F. Skinner, H. C. C. McDavid, and brothers of the latter, but Skinner and H. C. McDavid only have any interest in the lands sought to be partitioned. The testimony shows, we think, that the south end of the Carrera grant is more valuable than the other portion of the grant on the west side of the river, and this value is due, to a considerable extent, to the boom advantages. One witness for appellants testifies that the booms as constructed by Skinner & McDavid are more valuable than all the other portion of the Carrera grant west of the river. Without the booms as constructed it appears, we think, that the south end of the Carrera grant is more valuable than the other portion of the grant west of the river, but what is the value of the booms, or the south end of said grant, or the entire

portion of the grant on the west side of the river, as compared with the lands on the east side of the river and in the other grant is not shown. There being no question as to the title and respective shares of the parties, the court decreed that Boley owned an undivid half interest in the entire lands, and Skinner and McDavid each an undivided fourth interest, and that partition be made between the parties in the proportions of their respective ownership. Commissioners were appointed to make the partition, and in doing so they were directed in the decree to set off to Skinner & McDavid jointly that portion of the Carrera grant upon which and adjacent to which the booms mentioned are situated, and that to Boley should be allotted so much of the lands in question as would make their value equal to the portion given to Skinner & McDavid, taking into account any additional value to the portion allowed them by reason of its location and adaptability for the purposes of booming logs, but not estimating any artificial improvement made thereon by them. From this decree the appeal was entered, and the sole question presented relates to the correctness of the directions to the commissioners to allot to Skinner & McDavid the portion of the Carrera grant on which the booms constructed by them are located.

Freeman on Cotenancy and Partition (2d ed.), sec. 509, says: "The fact that a cotenant has located upon a particular portion of the lands of the cotenancy and has enhanced its value by making improvements, or by reducing it from a wild state to one fit for profitable cultivation, is a circumstance always deemed worthy of the attention of a court charged with the duty of making a partition. Such improvements are generally indispensable to a profitable and comfortable

enjoyment of the property, and contribute to the gen--
eral prosperity of the communi⁺ ⁻ The law declines
to compel one cotenant to pa ⌐vements made
without his authorization; but it w̲ı̲ı̲ . __ ʼ if it can
avoid so inequitable a result, enable a cotenant to take
advantage of the improvements for which he has con-
tributed nothing. When the common lands come to
be divided, an opportunity is offered to give the co-
tenant who has enhanced the value of a parcel of the
premises the fruits of his expenditures and industry,
by allotting to him the parcel so enhanced in value, or
as much thereof as represents his share of the whole
tract." The rule stated, with the further qualifica-
tions that the improvements on part of the common
property must be made in good faith with no purpose
to embarrass the other joint owners, and the allotment
of the improved part to the one making the improve-
ments can be done consistently with an equitable par-
tition, is fully sustained by authority. 17 Am. & Eng.
Ency. of Law, pp. 758, 759 and notes. The only good
faith required in such improvements is that they
should be made honestly, for the purpose of improv-
ing the property, and not of embarrassing another co-
tenant, or encumbering the estate, or hindering parti-
tion. Hall vs. Piddock, 21 N. J. Eq. 311; Sarback vs.
Newell, 28 Kansas, 642; S. C. 30 Kansas, 102.

It is also recognized as a correct principle in direct-
ing a partition of real estate to assign to the parties
respectively such parts of the estate as would best ac-
commodate them and be of most value to them with
reference to their respective situations in relation to
the property before the partition. This is the lan-
guage of Judge Story, as quoted by this court in Bird
vs. Bird, 15 Fla. 424, in which case it was held that it

would not be error for the court to direct the commissioners to set apart the family homestead to a surviving son who resided thereon, in preference to grand-children, unless by so doing a preference would be given to the creditors of the son over the grand-children.

The facts of the present case, under the principles of law stated, fully sustain, we think, the decree appealed from. The boom improvements on a part of the Carrera grant were made in good faith, so far as the record shows, to aid Skinner & McDavid in carrying on their mill business, and it is not made to appear that a fair and just division in value of all the lands can not be made by giving to them the part which they have improved, and at the same time allowing appellant Boley all he is justly entitled to in other portions of the common estate. The direction given the commissioners provides for such a just division of the estate in value, but it does not exclude or deny to the commissioners the right to report that the lands can not be partitioned without great prejudice to the owners if such be the case. The statute makes provision for such a report, and the commissioners under the decree entered can so report if they find the lands so situated that a partition thereof can not be made without great prejudice to the owners of the same. In the event of such report, and the court is satisfied that it is just and correct, a sale of the lands can be ordered, and the rights and equities of the parties in the proceeds adjusted.

We discover no sufficient ground for reversing the decree entered, and it will, therefore, be affirmed.