403 So.2d 621 (1981)
Sarah Elizabeth NEAL, Now Known As Sarah Elizabeth Jones, Appellant,
v.
Leonard H. NEAL, Appellee.
Leonard H. NEAL, Appellant,
v.
Sarah Elizabeth NEAL, Now Known As Sarah Elizabeth Jones, Appellee.
Nos. 81-190, 81-193.
District Court of Appeal of Florida, Fifth District.
September 16, 1981.
*622 George Ritchie, Cocoa, for appellant/appellee.
Frank J. Bankowitz and Linton S. Waterhouse, Orlando, for appellee/appellant.
DAUKSCH, Chief Justice.
This case arises from two orders entered by the trial court in a marriage dissolution matter.
In 1976 a judgment was entered dissolving the marriage between these parties. In the judgment it was found and adjudged as follows:
1. The marriage of Petitioner, SARAH ELIZABETH NEAL, to Respondent, LEONARD H. NEAL, is dissolved because it is irretrievably broken.
2. The Settlement Agreement entered into evidence as Petitioner's Exhibit 1 dated January 13, 1976, was executed voluntarily after a full disclosure and is for the best interest of the parties. Said Agreement is approved, confirmed and ratified by the Court and incorporated into this Final Judgment by reference and the parties are ordered to comply with it.
3. Petitioner, SARAH ELIZABETH NEAL, is restored the use of her former name, to-wit: SARAH ELIZABETH POLICICCHIO, by which name she shall hereafter be known.
There was nothing else ordered by the judgment and there was no specific reservation of jurisdiction over any matters.
The Settlement Agreement set out how the parties would divide their properties. In certain portions of the Agreement the real property interests of the parties were settled.
In late 1977 the wife sought relief from the trial court in the form of a "Petition for Contempt and Request for Additional Relief." After hearing in 1978, the successor judge to the judge who heard the original dissolution proceedings entered an order changing the final judgment in regard to the paragraphs concerning the parties' real property interests. The parties had agreed to a particular method of disposition of the real property; that method was not working, according to the wife in her petition, so the trial judge changed the method and ordered the husband to comply with the changes.
The principal question on appeal is whether the first successor judge had jurisdiction to enter the order which changed the terms of the original dissolution judgment. The answer is no, because without a specific reservation of jurisdiction the trial court lost jurisdiction over the entire case except to enforce the exact terms of the original judgment. Superior Uniforms, Inc. v. Brown, 221 So.2d 214 (Fla.3d DCA 1969). See Altieri v. Altieri, 341 So.2d 525 (Fla. 1st DCA 1977); Mintz v. Ellison, 233 So.2d 156 (Fla.3d DCA 1970). The matters contained in the judgment were final, settled and res judicata.
The two orders now on appeal before us are the orders of another successor judge; the first of which denies the wife's motion to enforce the first successor judge's order *623 changing the terms of the judgment. The other order on appeal is the one denying husband's Motion for Relief under Florida Rule of Civil Procedure 1.540(b)(4).[1] We affirm the first order denying relief to the wife and reverse the order denying the husband relief. For the same reason the judge was correct in denying the wife relief he was incorrect in denying the husband relief. The order which changed the final judgment was void because the trial court had no jurisdiction to enter it. Except to enforce the provisions of the judgment the trial court gave up all jurisdiction of the case when it rendered the final judgment of dissolution. Florida Rule of Civil Procedure 1.540(b)(4) provides relief to the husband regarding this void order and the trial judge should have afforded such relief.
The order denying the relief requested by the wife is affirmed and the order denying relief requested by the husband is reversed and this cause is remanded for entry of an appropriate order declaring void those provisions of the 1978 order which change the original dissolution judgment.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
SHARP, and COWART, JJ., concur.
NOTES
[1] The judgment or decree is void.