532 So.2d 59 (1988)
Clara JANER, Appellant,
v.
Eduardo D. JANER, Appellee.
No. 88-1112.
District Court of Appeal of Florida, Third District.
October 11, 1988.
Juan E. Acosta, Miami, for appellant.
Leonardo P. Mendez and Adelaida Fernandez-Fraga, Miami, for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
In August, 1980, the parties herein were divorced. The final judgment incorporated therein a property settlement agreement which provided in part that the marital home was to be occupied by the wife and the couples' minor child. It provided that the wife was to keep current all mortgages, tax and insurance payments on the property and that when the property was ultimately sold the proceeds would be distributed equally. The agreement was silent as to whether or not the wife was to receive a credit for mortgage payments, etc. at time of sale. The property was sold and the wife moved to enforce the property settlement and sought a credit against the husband's proceeds of sale for what she contended was his share of the mortgage and taxes. The trial court, after hearing the cause, determined that he was bound by the property settlement agreement, and split the proceeds of the sale equally.
*60 We agree with the trial court and affirm. The property settlement agreement was prepared by wife's counsel and the wife never sought contribution for the disputed expenses prior to sale. The fact that the instant case involves a property settlement agreement distinguishes this case from the line of cases holding where the judgment of dissolution is silent as to this matter the party paying these expenses could get a credit against the spouses share of the proceeds of the sale. In as much as the property settlement agreement provided an equal division of the proceeds of sale it should prevail. See Mandy v. Williams, 492 So.2d 759 (Fla. 4th DCA 1986); Neal v. Neal, 403 So.2d 621 (Fla. 5th DCA 1981); Poling v. Tresidder, 373 So.2d 405 (Fla. 4th DCA 1979).
AFFIRMED.