583 So.2d 667 (1991)
Mary Jo KELLY, Petitioner,
v.
William KELLY, Respondent.
No. 76946.
Supreme Court of Florida.
July 3, 1991.
Gerald C. Surfus and Philip S. Prosch, Surfus & Prosch, Sarasota, for petitioner.
James E. Aker, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for respondent.
McDONALD, Justice.
We review Kelly v. Kelly, 568 So.2d 70 (Fla. 2d DCA 1990), because of conflict with Iodice v. Scoville, 460 So.2d 576 (Fla. 4th DCA 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue presented is what adjustments should be made in the division of profits from the sale of what was once jointly owned marital property. The essential facts as recited by the district court are as follows:
The appellant, Mary Jo Kelly, and the appellee, William Kelly, were divorced in 1982. The court granted the wife possession of the marital home until the parties' minor child attained age eighteen. After the child reached majority, the court entered a final supplemental judgment ordering an equal division of the proceeds from the sale of the property. In its order, the trial court denied the wife credit for one-half the mortgage payments and expenses for repairs and maintenance, citing the husband's setoff claim of one-half of the home's rental *668 value for the years she and their child were in possession... .
The alimony and support clauses of the final judgment of dissolution, entered in 1982, provided:
The Wife is given the use and possession of the marital home until the child reaches majority at which time the house shall be sold and the equity divided equally between the parties.
The Husband and Wife shall each contribute one-half of the monies each year for the payment of taxes and insurance on the home.
Several months before the minor child was to become eighteen, the wife petitioned for a modification in alimony and a declaratory judgment that she receive credit for "carrying expenses" from the proceeds of the sale of the marital residence. The husband counterclaimed for partition and sought a setoff for rental value against the wife's claim.
568 So.2d at 70-71 (footnote omitted).
The district court granted the former wife's claim for one-half of the repair and maintenance costs and one-half of the mortgage payments to the extent the principal was reduced, but denied her claim for half of the interest payments.[*] It also denied the former husband's claim for credit for fair rental value because possession had been granted to the former wife in the final judgment. We approve in part and quash in part.
The district court correctly denied the former husband's claim for rental value. The rights of an out-of-possession cotentant for credit for fair rental value depends on the circumstances. If such person is ousted by a court order following a marriage dissolution, and no reimbursement for rental value is provided in that judgment, it is assumed that the trial judge intended that there be none. We agree with Goolsby v. Wiley, 547 So.2d 227 (Fla. 4th DCA 1989), and the opinion under review on this point.
On the issue of whether the spouse in possession who pays the mortgage payments is entitled to one-half of the full mortgage payments or only one-half of the principal, we find merit in the former wife's argument that she is entitled to reimbursment for one-half the full mortgage payments. The rule applicable to tenancies in common is that all owners contribute equally to the maintenance of the ownership interest in the property. Potter v. Garrett, 52 So.2d 115 (Fla. 1951). After divorce, the parties become tenants in common and, as such, have equal responsibility in making all payments necessary to maintain their ownership of the property. On this issue, therefore, we approve Iodice and Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988).
We therefore approve in part and quash in part the decision under review and remand with instructions for further proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and BARKETT, GRIMES and KOGAN, JJ., concur.
HARDING, J., dissents with an opinion, in which OVERTON, J., concurs.
HARDING, Justice, dissenting.
I dissent, not because of the rationale used by the majority to arrive at its conclusion, but because I interpret the final judgment of the trial court as clearly setting forth the intended disposition of the property. The majority opinion, in effect, alters or modifies a heretofore final judgment of the trial court rendered in 1982.
The language of the final judgment and the final supplemental judgment indicate that the trial court intended a clear disposition of the marital property. Here, the trial court required the husband to pay alimony, child support, and existing debt on the credit cards. In addition, the husband continued to pay the existing life, accident, *669 and health insurance policies for the benefit of the wife and children. On the other hand, the final order gave the wife exclusive possession of the home until the youngest child reached majority. After the youngest child reached majority, the final order required the house to be sold and "the equity divided equally between the parties." Although the trial court did not specifically address the mortgage obligation, the parties understood that the trial court intended that the wife was to make the mortgage payments.
In Brandt v. Brandt, 525 So.2d 1017, 1020 (Fla. 4th DCA 1988), the Fourth District Court of Appeal recognized that a party out of possession could give a quid pro quo to be relieved both initially and ultimately of an obligation (in this case mortgage payments).
I think the trial court here recognized that the husband's payments to the wife were quid pro quo contributions. The husband's payments added to the wife's ability to make the mortgage payments. Thus, I find the instant case is similar to Brandt's analysis of the parties' ability to be relieved of obligations of common expenses because of a quid pro quo. However, the instant case differs from Brandt in an important aspect. In Brandt, the Fourth District Court of Appeal found the parties' agreement silent on the ultimate liability. Here, the trial court's language in both the final judgment and the final supplemental judgment clearly states the ultimate liability: that the "equity" or "net proceeds" from the sale of the house shall be divided equally between the parties. Only when there is silence as to the ultimate liability for payment of common expenses would the rationale of the majority become effective.
In contrast, the final judgment was silent as to the payment of the maintenance and repairs. The wife paid $2,308 for maintenance and repairs, none of which was reimbursed by the husband. I would give her credit for one-half of said sums.
OVERTON, J., concurs.
NOTES
[*] The original divorce judgment did not address the mortgage payments. Should a trial judge, in adjusting the equities between the parties, determine that one party should bear the burden of making principal and interest payments without adjustment or credit when the property is sold, that judge should explicitly do so in the final judgment.