619 So.2d 440 (1993)
Douglas C. CHANEY, Appellant,
v.
Esther J. CHANEY, Appellee.
No. 92-02704.
District Court of Appeal of Florida, Second District.
June 4, 1993.
Patrick A. Raley, Infantino, and Berman, Winter Park, for appellant.
Randall G. Blankenship, P.A., Winter Haven, for appellee.
RYDER, Acting Chief Judge.
Douglas C. Chaney, the former husband, seeks review of the lower court's order denying him reimbursement for one-half of the payments he has made on the parties' former marital home since the dissolution of his marriage. We affirm because Mr. Chaney's motion is premature. We were not provided with a transcript of the hearing on Mr. Chaney's motion so we do not have the benefit of the legal analysis that led the lower court to deny reimbursement *441 to the husband. The record before us leads us to believe that denial of reimbursement may have been in error if not based on the fact that the motion was premature. Because our affirmance is without prejudice to Mr. Chaney's right to raise this issue at the proper time, we will discuss a spouse's right to reimbursement for amounts expended on real property held in a tenancy in common with a former spouse.
The Chaneys entered into a settlement agreement, which was ratified in the final judgment of dissolution, that provided the former marital home would be sold and the net proceeds of the sale divided equally between them. Until the sale, Mrs. Chaney would have exclusive use and possession of the home and Mr. Chaney would pay the mortgage, tax and insurance expenses. The agreement did not address the ultimate liability for these expenses. At the time Mr. Chaney sought reimbursement for his payments, the home had not been sold.
By operation of law, upon divorce, the parties to property held as an estate by the entireties become tenants in common. Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973), cert. denied, 285 So.2d 19 (Fla. 1973); § 689.15, Fla. Stat. (1991). As such, the parties have equal responsibility to make all payments necessary to maintain their ownership of the property. Kelly v. Kelly, 583 So.2d 667 (Fla. 1991); Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968). Where, as here, the parties have entered into a settlement agreement that is silent as to the ultimate liability for the expenses of the property, the right of reimbursement in the paying party is established by operation of law, unless evidence is presented that the nonpaying party gave consideration to be relieved of the legal obligation to pay one-half of the expenses. Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988).
Reimbursement occurs upon the sale of the marital home when the paying spouse is given a credit from the sale proceeds for the nonpaying spouse's proportionate share of the expenses. See Whiteley v. Whiteley, 329 So.2d 352 (Fla. 4th DCA 1976). Because the former marital home has not been sold, Mr. Chaney is not yet entitled to reimbursement. We affirm on the basis that his request for reimbursement is premature; however, our affirmance is without prejudice to Mr. Chaney's right to again seek reimbursement in the trial court after the home is sold.
Affirmed.
CAMPBELL and PARKER, JJ., concur.