POLEN, Judge.
Former wife appeals the trial court’s order denying in part her motion for modification and/or clarification of provisions contained in the parties’ 1980 Property Settlement Agreement which was incorporated into the Final Judgment of Dissolution of Marriage. We reverse.
The Property Settlement Agreement provided, in pertinent part, that “the Wife is to have the sole and exclusive control, possession, occupancy of said marital premises for herself and the children until the children reach the age of twenty-one (21) years of age; then the house shall be sold and divided 50/50 between Husband and Wife.” However, the Property Settlement Agreement was silent as to whether she would be entitled to credit for former husband’s one-half of mortgage payments and other expenses.
Approximately one year after the parties’ youngest child reached 21 years of age, the husband filed, and the court granted, a motion to compel the wife to cooperate in attempts to sell the residence. The appellant/wife subsequently sought a rehearing, and moved for a modification and/or clarification of said order, claiming that she was entitled to a credit against the husband’s share of the proceeds from the sale for the expenses she incurred for mortgage payments, payments for taxes, insurance, repairs and maintenance associated with the marital residence from November 1980 up to the time of the sale. Although the trial court granted the wife’s claims for reimbursement in the amount of $2725 for repairs incurred by the former wife, it denied her claims for reimbursement for mortgage, principal and interest, taxes and insurance, totaling $31,-172. In denying the wife’s claims, the court found the Property Settlement Agreement to be dispositive, holding that its decision was “based on specific provisions for a 50/50 split of proceeds within the agreement.” We disagree.
Pursuant to section 689.15, Florida Statutes (1985), upon dissolution of marriage, the tenants of an estate by the entirety become tenants in common. As co-tenants, each is ultimately liable for his or her proportionate share of the obligations of the property.
Case law supports the wife’s position as to her right to entitlement. In Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988) (en banc), we held:
[Wjhere there is an agreement but it is silent as to the ultimate liability for such expenses, and no evidence is presented that the non-paying tenant gave consideration to be relieved of his legal obligation to pay one-half of such expenses, we hold ' that a right of reimbursement in the paying tenant is established by operation of law.
Id. at 1020 (emphasis added).
See also Reubens v. Reubens, 546 So.2d 95 (Fla. 4th DCA 1989), wherein we held that because there was no specific determination *56 at the time of the divorce regarding the credit due each party, the right to reimbursement was established by operation of law. Id. at 95. In Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3rd DCA 1986), our sister court held that when a final judgment requires only one spouse to make the mortgage payments until such time as the house is sold, and is silent as to whether the spouse who pays the mortgage is to receive credit, the right to a credit arises by operation of law. Accord Goolsby v. Wiley, 547 So.2d 227 (Fla. 4th DCA 1989), wherein we held that the right to a credit exists unless there is a basis in the record to relieve the non-paying spouse of his duty to contribute. In the instant case, there was no such basis to exempt the husband from his obligation to reimburse the former wife. As we articulated in Goolsby and Brandt, to deny the former wife reimbursement would unfairly advantage the former husband in that the former wife would have been been paying expenses from her own pocket over a thirteen year period, continually building up the value and equity in the residence at her own expense, and the husband would reap the benefits of her hard work by receiving a full one-half of the proceeds of the sale.
In the instant case, as in Brandt, we hold that the former wife’s entitlement to reimbursement is merely postponed, not relinquished, since the agreement between the parties simply places the responsibility for initially paying common expenses on the party in possession. Brandt, 525 So.2d at 1020 (emphasis added). Additionally, in Brandt, we specifically stated that this is so even if the original obligation is imposed by contract rather than by a final judgment. Id. Thus we reverse and remand for entry of an order in favor of the former wife, consistent with this opinion.
REVERSED AND REMANDED.
WARNER and PARIENTE, JJ., concur.