645 So.2d 171 (1994)
Miriam HERNANDEZ, Appellant,
v.
Walfrido HERNANDEZ, Appellee.
No. 92-2721.
District Court of Appeal of Florida, Third District.
November 23, 1994.
*172 Elser, Green & Hodor and Cynthia L. Greene, Miami, for appellant.
Albert P. Rosillo, Miami, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
COPE, Judge.
Miriam Hernandez appeals a post-dissolution order of partition. We affirm in part and reverse in part.
Miriam Hernandez and Walfrido Hernandez were divorced in 1979. The final judgment of dissolution of marriage incorporated the parties' property settlement agreement. The provisions relating to the marital residence were as follows:
5. The wife and children shall continue to live in the marital residence, and during such time the wife shall be entirely responsible for all mortgage, utility and repair payments. If and when said home is sold, the parties shall share the proceeds of said sale equally after deduction of all costs, expenses, commissions and legal fees of sale.
6. Notwithstanding the foregoing paragraph, however, the husband shall be responsible for and make all payments on the second mortgage on the home, the proceeds for which were used in the husband's business. In the event the home is sold prior to the payment and satisfaction of said mortgage, the balance remaining thereon shall be deducted from the husband's share of the proceeds.
In 1992 the parties sought partition. After an evidentiary hearing, the trial court entered a partition order directing that the property be sold, and specifying how the proceeds of sale would be divided.[1]
The former wife has appealed, asserting that the trial court erred in several respects in the computation of the credits to be allowed. We consider these claims in turn.

I.
Pursuant to the property settlement agreement, the former wife made the payments on the first mortgage, including principal, interest, taxes, and insurance. She requested credit for one-half of these amounts. The trial court order denied credit, and the former wife contends that this ruling was erroneous.
*173 In denying credit, the trial court evidently relied on this court's decision in Janer v. Janer, 532 So.2d 59 (Fla. 3d DCA 1988). In that case, as in this one, a property settlement agreement required the wife to make mortgage payments on the property. "The agreement was silent as to whether or not the wife was to receive a credit for mortgage payments, etc. at time of sale." Id. The agreement provided that the proceeds of sale would be divided equally. This court concluded that where the property settlement agreement is silent on the question of credits at the time of sale, none would be granted. Id.[2]
Subsequently, the Florida Supreme Court decided Kelly v. Kelly, 583 So.2d 667 (Fla. 1991). In our view, the decision in Janer does not survive Kelly. Kelly states:
The rule applicable to tenancies in common is that all owners contribute equally to the maintenance of the ownership interest in the property. Potter v. Garrett, 52 So.2d 115 (Fla. 1951). After divorce, the parties become tenants in common and, as such, have equal responsibility in making all payments necessary to maintain their ownership of the property. On this issue, therefore, we approve Iodice [v. Scoville], 460 So.2d 576 (Fla. 4th DCA 1984),] and Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988).
583 So.2d at 668.
The Brandt decision held, inter alia, that it makes no difference whether the provision for exclusive occupancy and payment of expenses is contained in a final judgment or in a property settlement agreement. 525 So.2d at 1020. Brandt elaborates on the responsibility for payment by cotenants as follows:
`As co-tenants each is ultimately liable for his or her proportionate share of the obligations of the property, such as taxes and mortgages. Generally, if one co-tenant pays an obligation for which all are liable, he is entitled to have the other co-tenant pay his proportionate share... . But where the final judgment of dissolution of marriage awards one co-tenant the exclusive possession of the marital domicile and directs that co-tenant to pay all or some of the obligations of the property such as taxes, liens and repairs, the right of the co-tenant in possession to reimbursement from the other co-tenant is postponed until such time as the property is partitioned or otherwise sold. However, upon partition or other sale, the tenant paying those obligations of the property is entitled to credit from the proceeds of the sale for the other co-tenant's proportionate share of those expenses. .. . In a recent dissolution of marriage case, ... this court held that the trial court erred in not giving the wife credit at the time of sale of the jointly owned marital domicile for payments she made for obligations of the property during the time of her possession.'
Brandt v. Brandt, 525 So.2d at 1019-20 (Fla. 4th DCA 1988) (citations omitted).
Brandt reasons that where the property settlement agreement imposes the obligation to "pay" or "be responsible for" specified expenses, such language imposes only the obligation to initially make such payments and does not determine the ultimate liability at the time the property is sold. Id. The parties are free, of course, to enter into a valid contract which would allocate the ultimate liability in some other way. Id. However, "where there is an agreement but it is silent as to the ultimate liability for such expenses, and no evidence is presented that the non-paying tenant gave consideration to be relieved of his legal obligation to pay one-half of such expenses, ... a right of reimbursement in the paying tenant is established by operation of law." Id. at 1020.
We conclude that Janer is no longer good law. This follows from Kelly's explicit reliance on Brandt, and from the underlying logic of both. The essential reasoning is that a provision for post-dissolution exclusive occupancy of a residence must be read in tandem with the law of cotenancy. Janer is inconsistent with that approach. See also Chaney v. Chaney, 619 So.2d 440, 441 (Fla. 2d DCA 1993) (applying Kelly and Brandt to a property settlement agreement).
*174 In this case the former wife made all of the mortgage payments. In essence she paid her own one-half share and also her former husband's one-half share. Under Kelly and Brandt, she is entitled to credit for the one-half share she advanced on the former husband's behalf.[3] On remand the order shall be amended to provide for such credit.

II.
The former wife made a claim for credit for one-half of the amounts she expended for repairs. Here also, the trial court denied credit, apparently in reliance on Janer. As noted, Janer is no longer good law.
Expenditures which preserve the property are a legitimate item for credit at the time of partition sale. Such expenditures include needed repair, maintenance, and replacement. Commentators generally refer to such expenditures under the category of repair. See 2 American Law of Property § 6.18 (A. James Casner, ed., 1952); Cornelius J. Moynihan, Introduction to the Law of Real Property 217 (2d ed. 1988). However, terminology is not uniform. The key issue is the purpose of the expenditure. Thus, in Potter v. Garrett, 52 So.2d 115 (Fla. 1951), the court allowed credit to the cotenant for, inter alia, one-half the "moneys she spent on essential improvements to preserve the property." Id. at 116 (emphasis added).
The former wife is entitled to credit for one-half of the amounts expended for necessary and reasonable repairs, maintenance, and replacement. See Kelly v. Kelly, 568 So.2d 70, 72 (Fla. 2d DCA 1990), approved in part, quashed in part on other grounds, 583 So.2d 667, 668 (Fla. 1991). If the former husband challenges the necessity and reasonableness of such expenditures, then "the necessity and reasonableness of the expenses must be established." 568 So.2d at 72; see also Iodice v. Scoville, 460 So.2d 576, 577 (Fla. 4th DCA 1984), approved in part on other grounds, Kelly v. Kelly, 583 So.2d at 668.[4] On remand the order shall be amended to provide for such credit.

III.
The former wife made a claim for credit for one-half of the amounts she expended for certain improvements to the property.[5] The trial court ruled that the former wife could obtain credit based on an appraisal or valuation of the improvements. The former wife contends that this was error, and that the correct measure is cost, not appraised value.
The law of cotenancy applies a special rule where a cotenant adds improvements over and above what is needed simply to preserve the property.[6] Even though such improvements have enhanced the value of the real estate, "`[t]he law declines to compel one cotenant to pay for improvements made without his authorization.'" Boley v. Skinner, 38 Fla. 291, 20 So. 1017, 1018 (1896) (citation omitted). According to one treatise:
It is well settled that a tenant who causes improvements to be made to the property owned in joint tenancy or in common, without the express or implied agreement of his cotenants, cannot maintain an action against his cotenants to compel them to contribute to the cost of such improvements. The reason generally assigned is *175 that a man cannot be improved out of his estate. If the cotenants cannot agree as to the necessity or desirability of making the improvements the appropriate remedy is partition. This does not mean, however, that the tenant who bore the cost of the improvements is entirely without right of reimbursement. In a partition proceeding or in an action for a final accounting of rents and profits an equitable adjustment will be made where possible. Thus, on partition of the land by physical division the improver may have the improved part assigned to him where this can be done without prejudice to the others. Where the property is ordered sold in the partition suit, the improver is entitled to receive that part of the proceeds attributable to the improvements, over and above the share otherwise due him.
Cornelius J. Moynihan, Introduction to the Law of Real Property at 217 (footnote omitted); see also Boley v. Skinner, 38 Fla. 291, 20 So. at 1018-19.
Thus, where a cotenant has improved the property, thereby increasing its value, and there is a partition sale:
[T]he tenant who made the improvement is awarded the additional amount which the property brings because of the improvement. In determining this amount the court must take into consideration the fair market value of the property with and without the improvement, and if on the sale it sells below its real value, the allowance for the improvement must be reduced in proportion. The cost of the improvements is not allowed, nor is their full value unless the property sells for its full value. The additional amount realized on the sale over and above what would have been realized if the improvements had not been made is entirely the result of the expenditure and industry of the tenant who had the work done, and justice obviously demands that the tenant who created this additional value should get the entire benefit of it provided that the other cotenants get what they would have received if the improvements had not been made.
2 American Law of Property § 6.18, at 83-84 (A. James Casner, ed., 1952) (footnotes omitted); accord Cornelius J. Moynihan, Introduction to the Law of Real Property at 217; cf. Boley v. Skinner, 38 Fla. 291, 20 So. at 1018 (the law "`will not, it if can avoid so inequitable a result, enable a co-tenant to take advantage of the improvements for which he has contributed nothing.'")
In this case the former husband and the former wife each make a claim for credit for one-half of the cost of separate improvements each made to the property. Based on the authorities cited, cost is not the correct measure. In order to be entitled to credit, the improving cotenant must establish the amount that the improvement enhanced the value of the property. Since the amounts claimed for improvement appear relatively small in comparison to the time and expense associated with valuation, the parties may find it expedient to enter into a stipulation to simplify this aspect of the case.
In sum, the parties are entitled to credit for improvements to the extent such improvements enhance the value of the real estate at the time of partition. On remand the order shall be amended accordingly.

IV.
The trial court allowed the former husband an offset for one-half of the fair rental value of the house during the wife's occupancy. The former wife claims error. We agree that there is error, although our reasoning differs from that of the former wife.
The trial court's order was evidently based on Barrow v. Barrow, 527 So.2d 1373 (Fla. 1988), but that case has no application here. In Barrow a divorce decree awarded the wife a one-half interest in the husband's premarital real estate. By virtue of the decree, the former husband and former wife were tenants in common. The divorce decree "made no provision for possession by either party and made no direction regarding the sale or disposition of the property." Id. at 1374. The former husband occupied the property after divorce. After several years, the former wife petitioned for partition. The husband made a claim for amounts expended to *176 preserve the property. On those facts the Barrow court held, inter alia:
When a cotenant in possession seeks contribution for amounts expended in the improvement or preservation of the property, that claim may be offset by cotenants out of possession by the reasonable rental value of the use of the property by the cotenant in possession to the extent it has exceeded his or her proportionate share of ownership.
Id. at 1377. It appears that the trial court in the instant case relied on Barrow in allowing the former husband an offset for one-half of fair rental value. That reliance was misplaced.
In the present case, unlike Barrow, there was a property settlement agreement which provided for exclusive use and occupancy subsequent to divorce. Where that is so, a different rule applies. As stated in Goolsby v. Wiley, 547 So.2d 227 (Fla. 4th DCA 1989):
Where the parties have agreed that one should have exclusive possession and there is no provision in the agreement for rent, it seems inappropriate to subsequently engraft such a requirement on the contract made by the parties. By the same token, a judgment which awards exclusive possession to one party is based upon certain, known facts and if rent had been contemplated and thus placed in the balance, the court presumably would have said so.
... .
We therefore distinguish Barrow and hold that where exclusive possession by a cotenant is sanctioned by court order or agreement of the parties, there can be no offset (of one-half of the fair rental value of the property for the term of the lawful possession) against the claim of that tenant for reimbursement from the proceeds of a sale of the property for necessary and proper expenses incurred in the preservation and protection of the property.
547 So.2d at 230. The Florida Supreme Court approved Goolsby on this point in Kelly v. Kelly, 583 So.2d at 668. Consequently, the former husband is not entitled to an offset of one-half of the fair rental value for the period of the wife's exclusive possession pursuant to the property settlement agreement. The order under review is reversed on that point.

V.
The record also indicates that for a period of time the former wife moved out of the premises and rented them to a tenant. "Rent and other `profits' are generally deemed to be received for the benefit of all of the cotenants in proportion to their ownership." Goolsby v. Wiley, 547 So.2d at 229 (citation omitted). The former husband has a claim accordingly.

VI.
Partition proceedings are in equity. The principles outlined above should be flexibly applied in order to arrive at a fair, equitable, and just decree.
We affirm the order under review insofar as it orders partition. We reverse the remainder of the order and remand for further proceedings consistent herewith.
NOTES
[1] The order provides, in part:

2. The property shall be sold at public auction for the highest price and the net proceeds, after deducting the cost of the sale, expenses, taxes, cost of this action and attorney's fee, shall be divided equally between the parties. The parties will be permitted to bid at any sale of the property.
3. Prior to the public sale, Plaintiff, MIRIAM HERNANDEZ, may obtain an Appraisal and/or Valuation on the alleged improvements and/or enhancement on the property post-dissolution of the parties' marriage.
4. The Plaintiff, MIRIAM HERNANDEZ' claim for improvement and/or enhancement of the property, shall be offset by Defendant, WALFRIDO HERNANDEZ' entitlement to one-half (1/2) of the fair rental value of said property for the period of time post-dissolution that she had exclusive use and occupancy.
[2] This court acknowledged that a different rule would pertain if the exclusive occupancy provision had been contained in a final judgment instead of a property settlement agreement. Id.
[3] The second mortgage referred to in paragraph 6 of the property settlement agreement was paid off by the former husband and is not at issue here.
[4] The former husband contends that he expended various sums on the property for repairs. He would, of course, be entitled to a one-half credit for his expenditures for necessary and reasonable repairs.
[5] The former husband also asserted such claims.
[6] The commentators ordinarily use the term "improvement" to refer to expenditures which enhance the value of the property, as distinguished from repair and maintenance. See 2 American Law of Property § 6.18; Cornelius J. Moynihan, Introduction to the Law of Real Property at 216-17; see also Boley v. Skinner, 38 Fla. 291, 20 So. 1017, 1018 (1896); 12 Fla.Jur.2d Cotenancy and Partition § 67 (1979). Black's Law Dictionary defines improvement as: "A valuable addition made to property (usually real estate) or an amelioration of its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes." Black's Law Dictionary 757 (6th ed. 1990).