992 So.2d 835 (2008)
Pamela A. HEIDISCH, Appellant,
v.
Christian HEIDISCH, Appellee.
No. 4D07-2021.
District Court of Appeal of Florida, Fourth District.
September 24, 2008.
Rehearing Denied November 14, 2008.
*836 Amy D. Shield of Amy D. Shield, P.A., and Beiner, Nussbaum & LeBlanc, P.A., Boca Raton, for appellant.
Jonathan S. Root of Jonathan S. Root, P.A., Boca Raton, for appellee.
SHAHOOD, C.J.
Pamela A. Heidisch ("wife") appeals the Final Judgment and Amended Final Judgment entered in the dissolution action filed by the husband, Christian Heidisch. The wife raises five issues on appeal. We affirm without discussion the denial of an award of permanent alimony and the denial of attorney's fees. We reverse and remand as to the remaining issues, as discussed below.
The parties were married for almost eleven years and have two children, ages ten and eight. The husband is thirty-seven and the wife is thirty-three. The husband is a licensed general contractor and is employed as the Director of Construction for a large developer. The wife is a stay-at-home mother who has not worked outside the home during the marriage. Prior to the marriage, the wife attended Florida Atlantic University and completed her junior year as a sociology major. She has home schooled their children since they began their education.
Prior to trial the parties entered into a Partial Settlement Agreement (PSA) in which they agreed to have shared parental responsibility with rotating custody of the children. It also contained provisions for the listing and sale of the marital residence. The PSA was adopted by the trial court and incorporated into the final judgment.
At trial, the wife requested rehabilitative alimony in order to complete her education *837 and work in her chosen profession. She testified that her goal is to pursue a degree necessary to become a secondary education English teacher. The trial court concluded from the evidence presented that it would take four years to complete her education. It awarded her rehabilitative alimony payable at $4,227.12 per year totaling $16,908.48. As a means of support for the wife during this period, the trial court also awarded her bridge-the-gap alimony in the amount of $2,500 per month for four years.
When calculating the child support to be paid during this four-year period, the trial court imputed a gross annual income to the wife of $16,500 which would be the equivalent of a 30-hour work week earning $11.00 per hour as a substitute teacher or tutor based on a 50-week year. The wife argues on appeal that the trial court abused its discretion in imputing this income because the wife is also expected to attend college full-time and be the caretaker of her two children fifty percent of the time.
"The standard of review for a trial court's imputation of income is whether competent substantial evidence supports it." Hinton v. Smith, 725 So.2d 1154, 1156 (Fla. 2d DCA 1998). Although the trial court was presented with evidence of and found that a tutor or a substitute teacher earned $11.00 per hour and could work as much as thirty hours per week, the trial court did not make any findings as to the wife's voluntary unemployment, her work history or circumstances not under her control. For example, by imputing income for thirty hours of work per week, the trial court ignored the wife's full-time college schedule which will change from semester to semester and possibly conflict with the schedule of a substitute teacher. "[T]here must be some realistic basis in the evidence to support the concept that the former spouse can earn the sums imputed." Greene v. Greene, 895 So.2d 503, 512 (Fla. 5th DCA 2005). We reverse the imputation of $16,500 in income and remand for reconsideration.
Prior to the final judgment, the wife was making the monthly mortgage payment of over $2,400, including taxes and insurance, with a portion of the temporary alimony she was receiving from the husband. After the final judgment, the wife's alimony was substantially reduced. In the PSA, the parties agreed to list and sell the marital residence. However, the wife was given exclusive use and possession of the marital residence until it was sold. The PSA also provided for deductions from the net proceeds of the sale for certain named expenses for their children. The remainder was to be equally divided between the parties. Neither the PSA nor the Amended Final Judgment provide for who is to make the mortgage payments prior to the sale of the marital residence. The wife argues that the trial court erred as a matter of law by not determining that the mortgage was a marital liability and who was responsible for making the payments until the residence was sold. We agree and hold the trial court erred in not identifying the mortgage as a marital liability and determining who was responsible for the payments.
The wife further argues that, as a result of this error, she should be reimbursed for any payments she has made since the final judgment to which the husband has not contributed. In Kelly v. Kelly, 583 So.2d 667 (Fla.1991), the supreme court held:
The rule applicable to tenancies in common is that all owners contribute equally to the maintenance of the ownership interest in the property. After divorce, the parties become tenants in common and, as such, have equal responsibility in *838 making all payments necessary to maintain their ownership of the property.
Id. at 668 (citation omitted). Thus, if the marital residence has not as yet been sold, the wife is entitled to reimbursement for the husband's share of the payments she has made since the final judgment. If the marital residence has been sold, the holding in Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988), applies. There, the parties entered into a property settlement agreement which provided that the proceeds from the sale of the marital residence would be divided between the husband and the wife. After living in the house and paying for expenses, the house was sold and the wife petitioned for credit for one-half of the expenses she paid. This court held:
[I]n the absence of special circumstances the law imposes a duty on the nonpaying tenant to reimburse the paying tenant for common expenses at the time of and from the proceeds of a subsequent sale. Therefore, where there is an agreement but it is silent as to the ultimate liability for such expenses, and no evidence is presented that the non-paying tenant gave consideration to be relieved of his legal obligation to pay one-half of such expenses, we hold that a right of reimbursement in the paying tenant is established by operation of law.
Id. at 1020. Therefore, on remand the trial court must determine the amount of reimbursement to the wife, if any, to which she is entitled.
From the evidence presented at trial, the trial court determined the exact amount needed to cover the wife's tuition for four years and awarded her rehabilitative alimony in that amount. The trial court then specifically held that "[t]he rehabilitative alimony award shall be taxable to the wife and deductible to the husband." The wife argues that the trial court erred in its holding because as a result of the ruling she will not receive the amount needed to pay her tuition as the trial court intended.
When alimony is granted, in whatever form (rehabilitative or permanent), by definition under the Internal Revenue Code, it is taxable to the payee and deductible to the payor under the divorce decree unless the decree designates it is not includible in the gross income of the payee. See I.R.C. § 71 (2000); see also Rykiel v. Rykiel, 838 So.2d 508 (Fla.2003).
In the final judgment, the trial court intended that the wife receive the amount needed to pay her tuition. By specifically designating the alimony taxable to the wife, the trial court contradicted its intent to award the wife rehabilitative alimony in the amount needed for her tuition. We hold this was error and remand for the trial court to enter an amended final judgment reflecting that the husband shall not deduct the rehabilitative alimony payment and the wife may then exclude the payment from her gross income for tax purposes.
We accordingly affirm in part, reverse in part and remand for further proceedings consistent with this opinion.
Affirmed in part; Reversed in part and Remanded.
POLEN and FARMER, JJ., concur.