# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-2148
_____

JEANINE ROCHELLE LANTZ,

    Appellant,

    v.

SHAWN JEREMY GIBSON,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
John J. Gontarek, Judge.

December 3, 2025

WINOKUR, J.

Jeanie Rochelle Lantz appeals the final judgment granting a partition by sale and a subsequent order denying a motion for rehearing. In her complaint, Lantz sought a partition by sale and an accounting of the real property she owned as a tenant in common with her former spouse. We reverse.

In October 2005, Lantz and her then-husband, Shawn Jeremy Gibson, purchased a residence in Crestview ("the Home"), subject to a mortgage. In May 2007, Lantz and Gibson divorced. The final judgment dissolving their marriage incorporated a marital settlement agreement ("MSA") that Lantz and Gibson had drafted themselves. With respect to disposing of the Home, the MSA indicated that the parties "will split gains 60% wife 40% husband." The MSA further provided that "Wife shall pay as her own the following and will not at any time ask Husband to pay these

debts/bills: Mortgage on real estate: (Home) [monthly payment of] $1,422.17 [and current amount owed] $172,476.04."

In 2008, Lantz claims she attempted to sell the Home, but due to the unfavorable market conditions, the market value was significantly less than the mortgage on the Home. Lantz did not sell the Home, instead renting it to third parties at some periods throughout the next seventeen years. Gibson never contributed to the Home's expenses, and Lantz never paid Gibson any rent proceeds.

In 2021, Lantz and Gibson contracted to sell the Home, but when Lantz realized that Gibson was going to receive 40% of the sale proceeds, Lantz refused to close. Lantz felt she was entitled to Gibson's share for having paid the expenses of the Home for seventeen years. So, Lantz filed a partition action for the sale of the Home. Lantz sought reimbursement from Gibson for the mortgage payments, property taxes, insurance, and maintenance expenses she paid during the seventeen years she rented the property. The trial court found that Lantz was not entitled to reimbursement for the Home-related expenses because the MSA did not provide for such expenses, and the trial court was "not inclined to create terms of a contract that the parties never anticipated and certainly never agreed upon."

But the parties' failure to agree on a division of expenses does not mean that only one party must bear those costs. While an agreement, such as an MSA, may modify certain aspects of real property law, the absence of a specific term in the agreement does not necessarily preclude application of real property law regarding responsibilities of tenants in common.

When Lantz and Gibson were married, title to the home was an estate by entirety. Pursuant to section 689.15, Florida Statutes, property held as an estate by entirety becomes a tenancy in common upon the dissolution of marriage. As tenants in common, the parties are equally obligated to contribute to all costs necessary to maintain their ownership of the property. *Kelly v. Kelly*, 583 So. 2d 667, 668 (Fla. 1991); *Hosack v. Hosack*, 679 So. 2d 852, 854 (Fla. 1st DCA 1996). Further, when an agreement is silent regarding liability for expenses, and no evidence shows that the non-paying

tenant furnished consideration to be relieved of the obligation to contribute, the paying tenant, upon partition, is entitled to "credit from the proceeds of the sale for the other co-tenant's proportionate share of [] expenses[]" like "taxes, liens, and repairs[.]" *Brandt v. Brandt,* 525 So. 2d 1017, 1019–20 (Fla. 4th DCA 1988), *approved*, *Kelly*, 583 So. 2d at 668; *see also id.* (noting that, "in the absence of special circumstances the law imposes a duty on the nonpaying tenant to reimburse the paying tenant for common expenses at the time of and from the proceeds of a subsequent sale"). However, "the right to a credit exists unless there is a basis in the record to relieve the non-paying spouse of his duty to contribute." *D'Andrea v. D'Andrea*, 650 So. 2d 54, 56 (Fla. 4th DCA 1994); *see also Levinas v. Levinas*, 410 So. 3d 124, 127 (Fla. 3d DCA 2025) ("A co-tenant bearing a disproportionate share of such costs is entitled to reimbursement upon sale, unless the parties arrive at an agreement to the contrary.").

The MSA stated that Lantz was responsible for the "mortgage on real estate (Home)" and could not ask Gibson to pay it; therefore, Gibson was relieved of his duty to contribute to the mortgage and mortgage-related expenses. However, the MSA was silent as to the Home's other expenses. So, just as any other tenant in common, Gibson is responsible for his portion of the Home's expenses, excluding the mortgage and mortgage-related expenses. *Cf. Potter v. Garrett*, 52 So. 2d 115, 116 (Fla. 1951) (explaining how appellee was "entitled to reimbursement for one-half the money she paid on the principal and interest of the mortgage, for taxes and insurance and for other moneys she spent on essential improvements to preserve the property[,]" but the appellant was "entitled to have credited against this amount one-half of such sum or sums as may be found to be a reasonable rental for the use of the property during the time it was occupied by appellee after the death of the last parent"). For these reasons, we reverse the trial court's decision to deny Lantz reimbursement for expenses related to the Home and remand for further proceedings consistent with this opinion.*

---

* Given the facts that the ownership of the property resulted in rent proceeds to Lantz that were also subject to the tenancy in common, and that the agreement assigned the mortgage and mortgage-related expenses to Lantz, we express no opinion as to

3

LEWIS and TANENBAUM, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

A. Richard Troell and Tara A. Hagan of Chesser & Barr, P.A. Shalimar, for Appellant.

Shawn Jeremy Gibson, pro se, Appellee.

---

whether Lantz is ultimately entitled to any funds after accounting for expenses and rental income.