PER CURIAM.
The appellant, John William Cleary, challenges a declaratory judgment entered in response to the appellee’s, Doris Lea Hough, request that the court determine the ownership of certain assets. We affirm in part and reverse in part.
This dispute arose following a final judgment of dissolution terminating the marriage between the parties. When the parties could not agree upon the effect of the judgment in relation to certain assets, the appellee filed an action seeking a declaratory judgment. The appellee requested the court to determine the ownership of the proceeds of a security fund and fourteen shares of AT & T stock held by the parties as joint tenants during their marriage. The appellant filed a counterclaim seeking his share of the dividends on the stock.
At the conclusion of a nonjury trial, the trial court held that the proceeds of the security fund belonged to the wife pursuant to the final judgment of dissolution. The court also held that the AT & T stock should be divided between the parties but denied the appellant’s request for a share of the dividends. The appellee was awarded costs and attorney’s fees. This timely appeal followed the final judgment entered by the trial court.
The court properly awarded the proceeds of the security fund and costs to the appellee. We, accordingly, affirm those awards without discussion. The court also properly determined that each of the parties owned one-half of the stock. During the dissolution proceeding, neither of the parties claimed any special equity or entitlement in the fourteen shares of AT & T stock held as joint tenants. Since the final judgment in that action was silent as to the stock, the parties, by operation of law, became owners as tenants in common on the date of the final judgment. However, since dividends follow ownership, the appellant was entitled to a share of any dividends declared after the final judgment of dissolution, and the trial court erred by awarding all of the dividends to the appel-lee. In re Parker, 110 So.2d 498 (Fla. 1st DCA 1959).
Since section 768.79, Florida Statutes (1987), is not a proper basis for an award of attorney’s fees in this case, the trial court also erred by awarding attorney’s fees to the appellee.
We, accordingly, reverse and remand with instructions to award the appellant his share of the dividends on the AT & T stock and to strike the award of attorney’s fees. We affirm the judgment in all other respects.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, C.J., and SCHEB and RYDER, JJ., concur.