PER CURIAM.
Mary Louis Hosack, the former wife, appeals a final judgment of dissolution contending that the trial court made an inequitable distribution of the marital assets in favor of appellee, Richard Lee Hosack, the former husband. We affirm without discussion the equitable division of the parties’ personal property and the trial court’s determination that the wife is not entitled to a special equity or award of attorney’s fees. Because competent substantial evidence does not support the trial court’s disposition of the parties’ marital home> however, we reverse that award.
The parties were married for twelve years and have no children of their own. Both work and are capable of self-support. Because the division of the parties’ personal property and debts resulted in a disproportionate award to the former wife, the trial court ordered her to pay the former husband the sum of $9,346. The parties’ marital home, which had been valued at $50,000, was divided equally between the parties. The equity in the marital home was established at $29,000 and each party’s interest was valued at $14,500. The order on appeal provides as follows concerning the disposition of the marital home:
3.The wife shall pay to the husband the sum of $23,846.00 [$14,500 + $9,346] on or before October 31, 1994. Upon the payment of the sum of $23,846.00, the wife shall have as her separate property the marital premises and all improvements. The husband shall cooperate with the wife should the wife seek financing on the marital premises.
4.Should the wife fail to pay to the husband the sum of $23,846.00 on or before October 31, 1994, then the wife’s exclusive use and occupancy shall terminate, and either party may place the property for sale. Upon sale of the property, and after the expenses associated with the sale, and prior to any other division of the proceeds, the husband shall receive the sum of $23,-846.00. Each party shall then receive from the proceeds of sale, an amount equal to the total of payments made by him or her since May 1, 1993, the date of separation. The remaining proceeds are designated to be owned one-half by the husband and one-half by the wife, and shall be held in Trust by one of the parties’ attorneys to await further distribution in accordance with the provisions of this judgment.... Should taxes or hazard insurance become payable before the sale, each party shall contribute one-half of the payment of same. The sale may be made by the par *854 ties by private listing, or through a registered real estate broker. The initial listing price shall be at least $50,000.00, and the parties may agree to accept a lesser sum, if they wish. Should the husband receive less than $23,846.00 from the proceeds of sale, he shall be entitled to a judgment against the wife for the difference.
The former wife contends that the trial court failed to follow the statutory steps required for partition because the husband was guaranteed to receive a minimum of $14,500 from the sale (which represented the husband’s equity using an assumed value of $50,000 for the house) even if the house sold for less than $50,000, contrary to section 64.081, Florida Statutes (1993). We agree. The effect of the trial court’s treatment of the sale of the marital home is that, should the house be sold for less than $50,000, the wife would bear the entire burden of any decrease in sales price below the amount of $50,000. No evidence in the record supports this inequitable division of costs. See generally, Lubarr v. Lubarr, 199 So.2d 123 (Fla. 3d DCA), cert. denied, 201 So.2d 896 (Fla.1967); Banfi v. Banfi, 123 So.2d 52 (Fla. 3d DCA 1960); Latta v. Latta, 121 So.2d 42 (Fla. 3d DCA 1960); see also, Hernandez v. Hernandez, 645 So.2d 171 (Fla. 3d DCA 1994); compare, Taber v. Taber, 626 So.2d 1089 (Fla. 1st DCA 1993)(in determining value of real estate, court can deduct estimated cost of selling property where value of property is based on prospective sale of property and record supports estimated figure of closing costs).
Upon remand, we suggest that the trial court enter an order requiring that, should the wife not purchase the husband’s interest in the marital home, the marital home would be sold and that, after the costs and expenses associated with the sale are deducted, the parties would split the net proceeds equally. If at the time of the sale, the former wife has not paid the former husband the $9,346 obligation established in the order, the former wife should pay the former husband $9,346 from her share of the proceeds of the sale. If her share of the net proceeds is less than $9,346, the former husband should obtain a judgment against the wife for the difference. In addition, since the parties became tenants-in-eommon as to this property after their divorce, they are responsible for dividing equally all payments such as mortgage payments, taxes, repairs and insurance, necessary to maintain their ownership of the property until its sale. Kelly v. Kelly, 583 So.2d 667 (Fla.1991); Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988). Thus, if either party is entitled to credits for any of these payments, these credits can be computed and allocated appropriately at the time of sale. Further, if the former wife moved out of the marital residence and rented it to a tenant, the former husband will be entitled to his proportionate share of the rent. Hernandez v. Hernandez, 645 So.2d 171, 176 (Fla. 3d DCA 1994).
REVERSED in part, and REMANDED for proceedings consistent with this opinion.
WOLF, BENTON and VAN NORTWICK, JJ., concur.