771 So.2d 1215 (2000)
Charles H. BABB, Appellant,
v.
Roseanne S. BABB, Appellee.
No. 5D00-800.
District Court of Appeal of Florida, Fifth District.
October 27, 2000.
Rehearing Denied December 1, 2000.
*1216 Charles H. Babb, Orlando, in proper person.
No Appearance for Appellee.
ORFINGER, M., Senior Judge.
Charles Babb, the former husband, appeals pro se from an order of the trial court denying his request for credit against the proceeds from the post-dissolution sale of the parties' marital home. We reverse.
The marriage between the parties was dissolved in 1988. As pertinent to this appeal, the final judgment of dissolution awarded Roseanne Babb, the former wife, primary residential custody of the three *1217 minor children of the parties, required Charles to pay child support, awarded Roseanne the right to occupy the marital home until the youngest child reached the age of 18, and required Charles to make all mortgage payments on the marital home during Roseanne's possession thereof. The judgment further provided that when the youngest child reached age 18, "... the marital home shall be sold and the proceeds of the sale, after the payment of broker's commission and other closing expenses, shall be equally divided between the husband and wife." The final judgment was silent on the matter of credit for any such payments.
In 1999, after the youngest child had reached age 18, Charles filed a motion seeking an order requiring that the marital home be sold, alleging that he had made all mortgage and child support payments as required, and requesting that he be awarded credit out of the sale proceeds for one-half of all mortgage payments made after the dissolution judgment, as well as credit for one-half of the rental value of the home from the time Roseanne's right of occupancy had ceased. Without explanation in the order, the trial court denied the request for credit and ordered the home to be reappraised and placed on the market for sale, directing that upon sale each of the parties would receive one-half of the proceeds after the payment of broker's commissions and other closing expenses.
When a judgment of dissolution is entered, the parties, although tenants by the entireties in the marital home during the marriage, become tenants in common equally responsible for all payments necessary to maintain their ownership of the marital property until its sale, including mortgage payments, taxes, insurance and repairs. See Hosack v. Hosack, 679 So.2d 852 (Fla. 1st DCA 1996). In Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986), the Third District succinctly outlined the property rights and obligations of the parties following entry of a judgment of dissolution:
When spouses own property as tenants by the entirety, upon divorce they become tenants in common. § 689.15, Fla. Stat. (1985). As such, the tenants have joint responsibilities, and "have a mutual obligation to pay the charges upon the property." This statutory property obligation is distinct from any obligation which may result from the trial court's final judgment granting dissolution of the marriage. It is impermissible, therefore, to require one spouse, by his payments on the house, to increase the equity of the other spouse.
Thus, a person who makes mortgage payments on a home jointly held with the ex-spouse as tenants in common is entitled to a credit for the ex-spouse's share of the ownership expenses. The fact that possession of the marital home is awarded to one spouse as a part of alimony or maintenance has no effect upon the ownership by the parties who hold the property as tenants in common, and the right to reimbursement is only postponed until the property is sold.
Accordingly, when a final judgment requires only one spouse to make the mortgage payments until such time as the house is sold and is silent as to whether the spouse who pays the mortgage is to receive credit, the right to a credit arises by operation of law [citations omittedemphasis in original].
Id. at 207. Application of this case law leads us to conclude that Charles was entitled to receive credit for the mortgage payments which were made in accordance with the terms of the parties' final dissolution judgment.
Charles is also correct that he was entitled to receive credit for one-half the rental value of the marital home from the time the youngest child reached age 18 until the time of sale. While Roseanne's exclusive occupancy of the marital home was considered an aspect of child support, Charles was entitled to receive credit for *1218 one-half the rental value of marital home from the time his obligation for child support terminated; namely, the date the youngest child attained age 18. See Berger v. Berger, 559 So.2d 737 (Fla. 5th DCA 1990). Similarly, Roseanne was entitled to receive credit for one-half of all reasonable and necessary expenditures incurred by her for repairs and maintenance to the property. See Hernandez v. Hernandez, 645 So.2d 171 (Fla. 3d DCA 1994).
Accordingly, we reverse the order appealed from insofar as it denies credit to Charles for one-half of the mortgage payments made by him and insofar as it denies credit to him for one-half of the rental value of the property following the end of Roseanne's right to exclusive possession. We remand this matter for reconsideration of these issues. On remand, in considering the evidence of such mortgage payments and determining the fair rental value of the property, the trial court shall also take evidence on the reasonable and necessary expenditures made by Roseanne for repairs and maintenance of the premises.
REVERSED and REMANDED.
THOMPSON, C.J., concurs.
GRIFFIN, J., dissents with opinion.
GRIFFIN, J., dissenting.
I respectfully dissent.
I agree with the general principles of law contained in the majority opinion concerning the respective rights of tenants in common, including equal responsibility for all payments necessary to maintain ownership of the property, including mortgage payments, taxes, insurance and repairs. For this proposition, the majority relies on Tinsley v. Tinsley, 490 So.2d 205 (Fla. 3d DCA 1986). An exception to this rule, however, is where possession of the marital home is given to one's spouse as an aspect of child support. The Third District Court of Appeal, in Peacon v. Peacon, 666 So.2d 567 (Fla. 3d DCA 1996), held that where mortgage payments are made in discharge of court ordered child support obligations, the credit is not available. During the course of the hearing on appellant's motion, the trial court made note of the fact that appellant had in the past maintained that the mortgage payments were an aspect of his child support and the court concluded, based on its review of the final judgment, that the trial judge who entered the judgment of dissolution intended no reimbursement.
As to a credit for one-half of the rental value of the property from the time the youngest child reached eighteen, the common law rule is that a tenant in common who has exclusive possession of real property, which it uses for its own benefit but does not receive any rent or profit therefrom, is not liable or accountable to a cotenant who is out of possession unless such possession is held adversely or is a result of ouster or the equivalent. Here, there is no evidence of ouster or its equivalent. The only reference in the record was to a letter form appellant's counsel demanding rent and credit for the mortgage payments upon sale. This is far from an ouster. Accordingly, appellant's rent claim also fails.
I would affirm.