902 So.2d 241 (2005)
Clemon James JOHNSON, Jr., Appellant,
v.
Brenda Marie JOHNSON, Appellee.
No. 1D04-3187.
District Court of Appeal of Florida, First District.
May 18, 2005.
*242 Jerome M. Novey and Kristin Adamson of Novey, Mendelson & Adamson, Tallahassee, for Appellant.
Frederick L. Bateman of Bateman Harden, Tallahassee, for Appellee.

ORDER
KAHN, J.
We have previously issued two show cause orders concerning the appealability of the order as to which appellant, Clemon James Johnson, Jr., seeks review. Upon consideration of appellant's responses to these orders, the court has determined that, despite the lower tribunal's failure to expressly determine the parties' respective entitlement to the proceeds from the liquidation of marital property, the order, nevertheless, is a final order. Accordingly, the show cause orders are discharged. We also deny appellee's motion to dismiss.

Procedural Background
Initially, appellant sought review of an order of the trial court that merely denied appellee Brenda Marie Johnson's second motion for rehearing. This court, on July 27, 2004, issued an order to show cause suggesting that the order in fact was a non-appealable non-final order, and allowing appellant ten days to demonstrate why the appeal should not be dismissed for lack of jurisdiction. By September 3, 2004, this court had not received a response to its order to show cause and issued an order dismissing the appeal. Then, on September 9, 2004, appellant moved for reinstatement of the appeal, noting that an amended notice of appeal had been filed with the lower tribunal on July 29, 2004, but that this court had apparently not received the amended notice. The amended notice of appeal showed that appellant had filed a second motion for rehearing directed at the lower tribunal's amended final judgment of dissolution of marriage and such motion for rehearing had been timely filed. The amended notice also appended a copy of the amended final judgment of dissolution of marriage.
Upon review of appellant's response, this court issued a second order to show cause suggesting that an issue of finality appeared on the face of the amended final judgment because the judgment did not appear to determine the parties' interest in several marital properties, citing Hoffman v. O'Connor, 802 So.2d 1197 (Fla. 1st DCA 2002). Appellee then filed a motion to dismiss. In this motion, appellee took the position that, notwithstanding this court's second order to show cause, the amended final judgment was a final appealable order. Appellee took issue, however, with the timeliness of appellant's notice of appeal. Appellant then filed a response to this court's second order to show cause and a supplemental response to the court's earlier show cause order. In this response, appellant essentially argued that the lower court improperly partitioned certain marital properties without all of the owners of the property being named in the suit and without a "proper partition request." Appellant asserted that the lower court did not have jurisdiction to order the sale of the properties and, "therefore, the lower court's failure to specify the percentages of the parties' interests is irrelevant and moot."

Analysis
We have carefully considered our orders to show cause, the various responses thereto, and appellee's motion to *243 dismiss. We conclude that the order on appeal is properly reviewable as a final order, but we expressly reserve ruling on the merits, including the trial court's jurisdiction to order partition, to the panel that considers this case on the merits.
It has long been the law in Florida that tenants by the entirety, "upon dissolution of marriage, shall become tenants in common." § 689.15, Fla. Stat. (2004). The principle of equitable distribution, which became the law in 1980 under Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), neither abrogates nor conflicts with that concept. In Cleary v. Hough, 567 So.2d 1039 (Fla. 2d DCA 1990), the final judgment of dissolution was silent as to certain stock held by the parties as joint tenants during the marriage. After dissolution, a dispute arose concerning entitlement to the stock and to dividends. Id. at 1040. The trial court determined that each of the parties owned one-half of the stock. Id. On appeal, the court noted, "Since the final judgment in that action was silent as to the stock, the parties, by operation of law, became owners as tenants in common on the date of the final judgment." Id.
Equitable distribution became the law in Florida under Canakaris in 1980. Section 61.075, Florida Statutes, was codified several years later. See Ch. 88-98, § 1, at 463, Laws of Fla. The statute now controls equitable distribution of marital property. Section 61.075 does not change the general rule in Florida that upon dissolution of marriage, tenants by the entirety become tenants in common. See Babb v. Babb, 771 So.2d 1215, 1217 (Fla. 5th DCA 2000) (noting that after a 1988 dissolution of marriage, parties "although tenants by the entireties in the marital home during the marriage, became tenants in common equally responsible for all payments necessary to maintain their ownership"); Hosack v. Hosack, 679 So.2d 852, 854 (Fla. 1st DCA 1996) (explaining "the parties became tenants-in-common as to this property [marital home] after their divorce"); In re Shannis, 229 B.R. 234 (Bankr.M.D.Fla. 1999) (noting that under Florida law a final judgment of dissolution of marriage severs tenancy by entirety and the parties become, by operation of law, tenants in common upon rendition of the judgment).
Under section 61.075, the dissolution court must set aside each spouse's non-marital assets, and "in distributing the marital assets and liabilities between the parties, the trial court must begin with the premise that the distribution should be equal." § 61.075(1), Fla. Stat. (2004). Here, the final judgment clearly identifies the subject real estate as marital property. Accordingly, the statutory default of tenancy in common would apply. We do not, at this point, express any opinion concerning the scheme devised by the trial court in paragraphs 28(b) and 28(c) of the judgment. We simply hold that the order identifying, but not expressly dividing, five marital properties is appealable.
In the initial order to show cause, we noted Hoffman v. O'Connor. We now conclude that the present case is distinguishable from Hoffman. In Hoffman, the lower tribunal affirmatively and specifically reserved jurisdiction to consider the issue of equitable distribution of the parties' marital assets and liabilities, an issue that was integral to the dissolution proceeding. 802 So.2d at 1197. The lower court's failure to resolve that issue rendered the order non-final. Id. We distinguish Hoffman, because in that case, the court's reservation of jurisdiction was actually a concession that judicial labor remained. Here, although the lower court did not expressly determine the parties' respective interests in the proceeds from the sale of the marital properties, the order *244 nevertheless, and by operation of law, effectively divided the property in half.
We have also considered appellee's motion to dismiss the appeal as untimely. The record, now before this court, demonstrates that appellant timely served a motion for rehearing, directed to the original final judgment of dissolution entered on March 22, 2004. That motion effectively delayed rendition of the judgment until disposition of the motion. Fla. R.App. P. 9.020(h). The trial court then entered an amended judgment. To be sure, a second motion for rehearing is ordinarily unauthorized. See St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971); Maxfly Aviation, Inc. v. Capital Airlines Ltd., 843 So.2d 973 (Fla. 4th DCA 2003). Here, however, the second motion for rehearing appears to have been a reiteration of the issues raised by the first motion for rehearing, which were not addressed by the April 29, 2004, Amended Final Judgment, and which the appellant understood at that time to remain pending. The lower court did not enter an order as to the first motion for rehearing, but, instead, denied the amended motion by the order of June 16, 2004, the initial order identified by appellant in the notice of appeal. We conclude that appellant's initial notice of appeal was timely filed and properly amended in response to our first order to show cause. Accordingly, we deny the motion to dismiss.
Orders to show cause DISCHARGED. Motion to Dismiss DENIED.
BENTON and PADOVANO, JJ., concur.