ALTENBERND, Judge.
D.O.B. appeals an order arising out of a dependency proceeding that requires him to pay $350 per month in child support from his monthly social security disability insurance benefits of $768 per month. Because of numerous procedural deficiencies occurring in the entry of this order, we reverse.
D.O.B. is the father of two of the five children involved in this dependency proceeding. G.J.G. is the mother of all five children. In 2003, the Department of Children and Family Services commenced a dependency action against D.O.B. and G.J.G. regarding these children.[1] When the action began, D.O.B. and G.J.G. were residing together with all five children.[2] The Department did not remove the children from their care, but the children were adjudicated dependent and the Department provided D.O.B. and G.J.G. with a case plan.
In September 2004, D.O.B. and G.J.G. separated. At a status check in October 2004, the Department represented that the children were in the primary custody of G.J.G., that D.O.B. was visiting the children weekly, and that D.O.B. was voluntarily providing $350 per month to G.J.G. to cover one-half of the mortgage payments for the home in which G.J.G. and the children continued to reside.[3]
*493 In the beginning of 2005, the Department was poised to terminate all protective supervision for this family. In preparation for this, however, the Department learned that at the end of 2004 D.O.B. had stopped paying G.J.G. the $350 per month toward the mortgage and G.J.G. was facing possible foreclosure. The Department wanted to ensure this situation was resolved before protective services were terminated.
A status review was scheduled for April 19, 2005. On April 1, 2005, the Department filed a “Safe Children Coalition’s Status Review” which indicated that “the agency supports the closure of this case only with the condition that these matters of child support and housing be addressed, and resolved, with the father” and “the Coalition would request child support to be addressed.” However, no written motion for child support was filed, nor a notice of hearing indicating this issue would be addressed at the status conference.
At the status conference, the Department asked the trial court to order child support and to terminate protective services supervision. The Department did not present any proposed child support guidelines calculations. It presented no evidence of G.J.G.’s income. Instead, it simply asked the trial court to order D.O.B. to pay $350 per month to G.J.G. as child support, in accordance with the amount D.O.B. had voluntarily paid in the past.
D.O.B. presented evidence that he was disabled and unemployed. His only source of income was social security disability benefits totaling $768. These benefits came in three increments: $558 payable for his benefit and two checks of $105 each payable for the benefit of each child.
The trial court indicated that it was going to order D.O.B. to pay $350 per month as child support, retroactive to January 2005. As to future payments, the trial court required D.O.B. to arrange to have the children’s social security disability benefits paid directly to G.J.G. and then required D.O.B. to pay G.J.G. an additional $140 per month from his individual benefits. The retroactive award resulted in an arrearage of $1700. The trial court ordered D.O.B. to sell his 1978 pick-up truck, his only significant asset and his sole mode of transportation for visitation, to pay $500 toward the arrears within a month. Thereafter, D.O.B. was to pay $50 per month toward the arrearages until they were paid in full.
D.O.B. objected to the trial court’s ruling. He argued that child support had to be calculated in accordance with the guidelines in section 61.30, Florida Statutes (2004), and that the trial court’s ruling failed to consider numerous provisions of that statute. He further argued that the trial court should not have required monthly payments toward the retroactive arrearage in an amount greater than 10% of the monthly amount. The trial court overruled these objections, indicating the $350 monthly award was based upon a “stipulation.” It then entered a written order setting forth these provisions and a separate order terminating protective supervision for the family.
There was no stipulation regarding child support. There was no motion seeking such support and no accompanying financial affidavit of G.J.G. as required by section 61.30(14). D.O.B. received no notice of hearing regarding child support. Although section 61.30(l)(a) provides: *494 “The child support guideline amount as determined by this section presumptively establishes the amount the trier of fact shall order as child support,” the trial court made no attempt to calculate child support in accordance with the guidelines. See also Wallace v. Dep’t of Revenue, 774 So.2d 804 (Fla. 2d DCA 2000) (explaining proper calculation of child support under section 61.30 when social security disability benefits are paid to a parent and to their child on the disabled parent’s behalf). The trial court did not assess whether D.O.B.’s visitation with the children would merit a reduction in any guideline amount. See § 61.30(ll)(a)(10), (b). Further, it appears that the $350 per month the court awarded as child support represents a deviation of more than 5% over the amount a guideline calculation would require, thus necessitating a written order “explaining why ordering payment of such guideline amount would be unjust or inappropriate.” § 61.30(l)(a).[4]
We also note that the trial court’s provisions regarding the payment of any retroactive arrearage do not appear to have taken into account D.OJB.’s ability to pay the monthly amount of child support and arrearage payments, nor the best interest of the children. Given that D.O.B. exercises regular visitation with the children, for which he needs to provide adequate transportation and a residence, the trial court’s order requiring the sale of D.O.B.’s truck and requiring him to pay a total of $400 per month based upon income of $768 may have a deleterious effect on the children as well as D.O.B.
We therefore reverse the order requiring D.O.B. to pay child support of $350 per month, establishing a child support arrearage, and requiring payment toward the arrearage. We note that the Department has decided not to participate in this appeal and no other party has appealed or raised any issue regarding the propriety of the order terminating supervision. As such, supervision has been terminated and the dependency court no longer has jurisdiction over this issue. Indeed, it is questionable whether the dependency court was authorized to adjudicate the issue of child support between these two parents. See § 39.521, Fla. Stat. (2004) (requiring disposition order to address child support “[i]f the child is in an out-of-home placement”). As such, G.J.G. will need to pursue child support in a separate proceeding. As this case illustrates, a dependency court is not necessarily equipped to address child support and other financial issues between parents, both initially and on a continuing basis as enforcement and modification issues arise.
Reversed.
STRINGER and VILLANTI, JJ., Concur.

.The father of the three older children was also served with the dependency petition but was considered a non-offending parent. Thus, his involvement in the litigation was minimal.

. The record suggests, but does not conclusively establish, that. D.O.B. and G.J.G. were married at the time the petition for dependency was filed.

. It appears from our record that D.O.B.’s mother had previously owned this residence, *493 subject to a mortgage. D.O.B.’s mother had quitclaimed the residence to D.O.B. and G.J.G. as either tenants in common or tenants by the entireties, with the understanding that D.O.B. and G.J.G. would pay off the mortgage to acquire an unencumbered fee simple interest in the property.

. It is important to note that the trial court's decision to establish the amount of child support by reference to the mortgage obligation and not by calculating the amount in accordance with the child support guidelines could have resulted in an unintended effect on D.O.B.'s and G.J.G.’s respective property rights in the home. It appears the property is owned jointly by D.O.B. and G.J.G. As such, D.O.B. remains equally responsible for all payments necessary to maintain the ownership of this property until its sale, at which time he would receive his proportionate interest in the proceeds of the sale. See, e.g., Babb v. Babb, 771 So.2d 1215 (Fla. 5th DCA 2000). To the extent that D.O.B.’s payments to G.J.G. are classified as child support, and not as payments toward the mortgage, his interest in the proceeds from a later sale of the property may be diminished and G.J.G.'s increased. Id. Of course these property interests could not be addressed in the dependency action.