971 So.2d 966 (2008)
Cristina CORALLO, Appellant,
v.
FLORIDA DEPARTMENT OF CHILDREN & FAMILY SERVICES, Appellee.
No. 3D07-804.
District Court of Appeal of Florida, Third District.
January 2, 2008.
Cristina Corallo, in proper person.
Javier A. Ley-Soto, for appellee.
Before COPE, RAMIREZ, and SALTER, JJ.
SALTER, J.
Cristina Corallo, pro se, appeals a final administrative order of the Department of Children and Families (DCF) Office of Appeal Hearings (OAH). Finding no error in the OAH's final order dismissing the appeal, we affirm. We provide this analysis in order to confirm DCF's voluntary correction of portions of the order and its invitation to Ms. Corallo to present further evidence if she has it.
Proceedings Below
Between June 1988 and May 1989, Ms. Corallo received cash assistance, Medicaid, and food stamp benefits from DCF. Sometime after the disbursement of the benefits to Ms. Corallo, DCF learned that she had failed to report her then-current employment. In 1990, DCF instituted actions against Ms. Corallo, pursuant to subsection *967 414.41(1) of the Florida Statutes, for failure to report her employment and income.[1] DCF determined that Ms. Corallo owed overpayments in the amounts of $2577 for the cash assistance, $910.18 for Medicaid, and $1371 for the food stamps.[2]
Ms. Corallo filed an appeal with OAH on January 18, 2007, and a hearing was held on February 20, 2007. At the hearing, DCF made a verbal motion to dismiss based on Ms. Corallo's untimely request for the hearing. This request was granted by OAH in a written final order. Ms. Corallo now appeals OAH's dismissal of her appeal.
Time Limits for Filing Administrative Appeals
Florida Administrative Code Rule 65-2.044 gives any recipient of DCF's services the right to request a hearing. However, the recipient must exercise his or her right to appeal within ninety calendar days of DCF's written notification of the decision. See Fla. Admin. Code R. 65-2.046(1)(c) (2007). A request for a hearing may only be dismissed or denied by the hearing officer. See Fla. Admin. Code R. 65-2.047 (2007).
Ms. Corallo filed her appeal with OAH on January 18, 2007approximately seventeen years after DCF's original decision and notification to Ms. Corallo of the benefits overpayments. OAH found that Ms. Corallo was aware of the claims and her right to request an appeal within ninety days, but that she did not exercise her right to an appeal within this time frame. Because payments were processed to reduce her liabilities to DCF in the intervening years, it appears that Ms. Corallo requested a hearing in an effort to demonstrate that she had paid the obligations.
Ms. Corallo's Further Appeal
Ms. Corallo is appealing OAH's dismissal of her appeal. She states as her grounds that she paid the claims "in full" through an "Alternative Program." Ms. Corallo also states that her case was closed and sealed in July 2002. Additionally, in its answer brief, DCF noted that after the hearing it gave Ms. Corallo an opportunity to present it with receipts of payment. DCF maintains that it reconciled its record logs with Ms. Corallo's receipts, but still showed a balance owing on the claims.
Ms. Corallo did not provide the court with the record or a transcript from the hearing held in February 2007. The burden lies with the appellant to supply the reviewing court with the record on appeal, and to demonstrate reversible error. See Fla. R.App. P. 9.200(e) (2007); Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1980) (holding that the lower tribunal's decision carries a "presumption of correctness"). Thus, we are bound by the record as stated by OAH and may only reconsider the final order for any misconceptions of law by the hearings officer. See Applegate, 377 So.2d at 1152.
Ms. Corallo's appeal did, however, result in a voluntary correction of the OAH's errors in pages one and two of the final order.
Conclusion
While we are bound on this record by the decision of OAH, we note that DCF *968 commendably has indicated in its brief that it is willing to discuss any disputed amounts owed with Ms. Corallo, and that she may present to it "any and all information indicating that she has paid the claims in full."[3]
Affirmed.
NOTES
[1] Subsection 414.41(1) of the Florida Statutes states that if a person who has received public assistance benefits for which he or she is not entitled, either by mistake or fraud, DCF "shall take all necessary steps to recover the overpayment." (Emphasis added.)
[2] The OAH order reviewed here included claim amounts and remaining balances that were erroneous. Those "scrivener's errors" were corrected in the DCF's brief here to the following balances payable: $1524.51 on the cash assistance obligation; $910.18 for Medicaid; and $7.31 for food stamps.
[3] DCF brief at pages 5-6. Although we cannot provide Ms. Corallo with legal advice, we note for her benefit the assistance she might be able to obtain from The Florida Bar and other groups if she has other evidence that her obligations to DCF have been satisfied. See "Information for Persons Who Do Not Have a Lawyer," available in this Court's Clerk's office and law library (and electronically, on the Third District Court of Appeal website at www.3DCA.flcourts.org).