PER CURIAM.
Hang Thi Vu Corcoran (“Appellant”) appeals the trial court’s order denying her motions following the final judgment dissolving her marriage to Edward Patrick Corcoran (“Appellee”). Appellant raises a number of issues in this appeal. We affirm all without further discussion, with the exception of the following four issues. On these points, we reverse for reconsideration. „ .
First, the trial court is directed to make findings of fact as to the reduction in monthly alimony due to Appellant’s move from the marital home. Appellant’s financial affidavit' listed her total residential expenses in the -marital home as $1,595.60 per month. She testified that her current rent was $1,050.00 per month. The difference' in the cost was therefore $545.60 rather than the $826.99 set out in the'final judgment. The trial court shall address the reason for this disparity or adjust the alimony award accordingly.
Specific findings shall also be made as to the parties’ financial need and ability to pay attorney’s fees and costs. A trial court considers the parties’ financial situation in determining entitlement to attorney’s fees. Harrison v. Gattozzi, 992 So.2d 865, 866 (Fla. 5th DCA 2008). Because specific findings as to need and ability to pay are required for meaningful appellate review, we remand. See, e.g., Walsh v. Walsh, 600 So.2d 1222, 1223 (Fla. 1st DCA 1992).
Third, the trial court shall indicate the evidentiary basis for its findings as to sháred parental responsibilities and passport renewal as well as any findings that Appellant was in contempt of court as to those issues. See Plichta v. Plichta, 899 So.2d 1283, 1286 (Fla. 2d DCA 2005) (“Therefore, we reverse those additional provisions of the final judgment that address the following issues not reflected in the trial judge’s rulings.... ”).
Lastly, the trial court is directed to hold Appellant solely responsible only for repairs of mold-related damage in the marital home; or, in the alternative, to indicate an evidentiary basis to hold Appellant responsible for all future repair costs. In particular, the record does not contain evidence that the air conditioning unit was broken due to Appellant’s actions. After a dissolution of marriage, the parties become “equally responsible, for all payments necessary to maintain their ownership of the marital property until its sale, including mortgage payments, taxes, insurance and repairs.” Babb v. Babb, 771 So.2d 1215, 1217 (Fla. 5th DCA 2000) (citing Hosack v. Hosack, 679 So.2d 852, 854 (Fla. 1st DCA 1996)). The trial court shall further clarify that Appellant is to receive credit for her *354 maintenance of the marital home upon its sale, other than costs directly associated with repairing the mold damage.
AFFIRMED in part; REVERSED in part; REMANDED.
SAWAYA, PALMER and TORPY, JJ., concur.