IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4285

RANDY J. FISCHER,
HUSBAND,

     Appellant,

v.

KATHLEEN THERESE
FISCHER, WIFE,

     Appellee.

_____/

Opinion filed August 28, 2017.

An appeal from the Circuit Court for Duval County.
Hugh A. Carithers, Judge.

Michael M. Giel of Giel Family Law, P.A., Jacksonville, for Appellant.

Wendy J. Norman, Jacksonville, for Appellee.

JAY, J.

     The former husband seeks review of a "Final Judgment of Dissolution of Marriage." The judgment appears to be final in all respects with the exception of the trial court's reservation of jurisdiction "to determine *the disposition*" of the parties'

home should the former wife "be unable to refinance the mortgage." The emphasized language unquestionably reserves jurisdiction to consider a forthcoming distribution of the parties' principal asset—the marital home. It is expressly made contingent on an eventuality that may or may not come to pass—the wife's obtaining refinancing of the marital home. And, most significantly, it fails to define what the "disposition" of the home would entail. Accordingly, the reservation of jurisdiction signals to us that additional judicial labor will be required. *See Caufield v. Caufield,* 837 So. 2d 371, 375 (Fla. 2002) ("A final judgment is one which ends the litigation between the parties and disposes of all issues involved such that no further action by the court will be necessary."); *Demont v. Demont,* 24 So. 3d 699, 699 (Fla. 1st DCA 2009) (dismissing appeal where "final" judgment expressly reserved jurisdiction "to consider the division of the parties' marital personal property," citing Caufield, 837 So. 2d at 375); *Wilson v. Wilson,* 906 So. 2d 356, 357 (Fla. 1st DCA 2005) (holding that "an order which purports to become final upon the happening of an event specified in the order is not a final order and the happening of the event does not operate to render the order final"); *Thomas v. Thomas,* 902 So. 2d 881 (Fla. 1st DCA 2005) (Mem.) (determining that the order "captioned as a 'Final Order of Dissolution of Marriage,'" but in which the lower tribunal reserved jurisdiction "to consider the issue of a possible reduction in the value of any IRA or pension plan" by the former husband, "indicate[d] that the lower tribunal's judicial labor [was] incomplete and

2

render[ed] the order nonfinal"); *Newman v. Newman,* 858 So. 2d 1273 (Fla. 1st DCA 2003) (Mem.) (dismissing appeal where "final" order of dissolution contained conditional reservation of jurisdiction to determine issues regarding bank and investment accounts).

The former husband argues that the reservation of jurisdiction did not in any way alter the finality of the judgment with respect to the dissolution of the marriage, the award of alimony, or the equitable distribution of the parties' other property. We rejected a similar assertion in *Demont*, where we held that "although substantively the order on appeal may have the effect of terminating the marriage and finally adjudicating certain issues, procedurally it does not bring an end to the judicial labor required in the cause such that the order is appealable as a final order." *Demont,* 24 So. 3d at 700. Even though the jurisdiction in the instant judgment was not reserved specifically to determine the equitable distribution of *all* of the parties' assets and liabilities, by its terms it reserved jurisdiction with the express intent to make an alternative disposition of the home. That decision would potentially bear on the current equitable distribution of the parties' assets and liabilities and, in turn, the amount of alimony awarded.

Nor are we persuaded that this case can be compared favorably to the circumstances in *Johnson v. Johnson,* 902 So. 2d 241 (Fla. 1st DCA 2005), because, here, the parties discussed the possibility of selling the home should the wife fail to

3

gain refinancing. In *Johnson*, we held that the amended judgment of dissolution of marriage was not rendered nonfinal simply because it did not appear to determine the parties' interest in several marital properties. We concluded the judgment was appealable because the parties' interests in the marital property were determined by section 689.15, Florida Statutes (2004), which provided that tenants by the entireties, upon the dissolution of their marriage, would automatically become tenants in common. *Id.* at 243. We further reasoned that because section 61.075(1), Florida Statutes (2004), directed the trial court to begin distributing marital property under the premise that it would be an equal distribution, "the statutory default of tenancy in common would apply" and "the order identifying, but not expressly dividing, five marital properties is appealable." *Id.*

The distinction between *Johnson* and the case at bar is that in *Johnson*, the order's lack of definition was supplied "by operation of the law." *Id.* at 244. Here, however, we are only left to guess as to what the trial court might decide to do with the home should the plan to refinance fall through.*

For these reasons, we hold that the appeal is one from a nonfinal order. Consequently we dismiss it "without prejudice to either party's right to file a timely

---

* The inclusion of a contingency—such as the one used in the present case—is permissible provided the consequences of the contingency are also included. Thus, if the judgment had directed that the marital home be sold and the proceeds divided between the parties if the former wife failed to obtain refinancing, the judgment would be considered final because no additional judicial labor would be required.

4

notice of appeal after a final order has been rendered by the trial court." *Demont,* 24 So. 3d at 700-01.

DISMISSED.

ROWE and MAKAR, JJ., CONCUR.