# Third District Court of Appeal

## State of Florida

Opinion filed November 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1113
Lower Tribunal No. 19-0090
_____

**Helvy Rojas**,
Appellant,

vs.

**Ada Isis Pelaez Otero**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David Young, Judge.

Law Offices of Michelle Walsh, P.A., and Michelle Walsh, for appellant.

Cruz Legal, P.A., and Marisol Cruz, for appellee.

Before LOGUE, C.J., and SCALES, and LINDSEY, JJ.

LINDSEY, J.

Appellant Helvy Rojas ("Former Husband") appeals a Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Children. On appeal, Former Husband challenges the distribution of assets between himself and Appellee Ada Isis Pelaez Otero ("Former Wife"). For the reasons set forth below, we affirm in part and reverse in part.

## I.  BACKGROUND

In 2019, Former Husband filed a petition for dissolution of marriage. Unable to reach an agreement on the distribution of assets, the parties proceeded to a bench trial. There is no trial transcript. Former Husband and Wife have no children, and the primary assets in dispute are real property and bank accounts: (1) the Marital Home, (2) the 3rd Street Property, (3) the 17th Place Property, (4) the Brooks Street Property, and (5) the Joint Marital Bank Account.

The trial court entered a Final Judgment awarding Former Wife the Marital Home, durational alimony, equitable distribution of dissipated assets, and "at least 50%" interest in two marital properties. Former Husband timely appealed the Final Judgment.

## II.  ANALYSIS

Our standard of review for equitable distribution rulings is abuse of discretion. Watson v. Watson, 124 So. 3d 340, 342 (Fla. 1st DCA 2013). A

2

trial court's ruling comes to us "clothed with a presumption of correctness." Ziegler v. Natera, 279 So. 3d 1240, 1242 (Fla. 3d DCA 2019) (quoting Baker v. Baker, 394 So. 2d 465, 466 (Fla. 4th DCA 1981)). It is an appellant's burden to demonstrate reversible error on the record before us. Corallo v. Fla. Dep't of Child. & Fam. Servs., 971 So. 2d 966, 967 (Fla. 3d DCA 2008).

Consequently, where, as here, there is no transcript from the bench trial below, we are precluded from reviewing factual issues. See Applegate v. Barnard Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979). However, even without a trial transcript, reversal is appropriate "where an error of law is apparent on the face of the judgment." Diaz v. Diaz, 300 So. 3d 767, 770 (Fla. 3d DCA 2020) (quoting Hirsch v. Hirsch, 642 So. 2d 20, 21 (Fla. 5th DCA 1994)). Former Husband challenges the Judgment's award of alimony and classification of his inherited property. He also raises facial deficiencies in the Judgment.

**A. Alimony Award and Property Classification**

Former Husband claims that there was insufficient evidence of his misconduct to support a finding that marital assets were dissipated. He also asserts that no evidence supports the trial court's conclusion that the 3rd Street property, which Former Husband inherited from his late father, was marital. These issues invoke questions of fact. "Without a record of the trial

3

proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory." Applegate, 377 So. 2d at 1152. Without a trial transcript, we are compelled to affirm on these factual issues.

**B. Facial Deficiencies**

Section 61.075, Florida Statutes (2024), governs the distribution of marital assets and liabilities. Section 61.075(1) requires the trial court to "begin with the premise that the distribution should be equal, unless there is a justification for an unequal distribution based on all relevant factors." Section 61.075(3) provides that "any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgement or order based on competent substantial evidence with reference to the factors enumerated in [section 61.075(1)]." Failure to make statutory findings is reversible error. See Ortiz v. Ortiz, 306 So. 3d 1081, 1082 (Fla. 3d DCA 2020).

Former Husband raises five facial deficiencies under section 61.075. First, he asserts that the trial court erred in distributing the Marital Home solely to Former Wife without making any specific findings and awarding

4

exclusive use and possession of the home without specifying a time period. We agree.

The Judgment's award of the Marital Home to Former Wife contains none of the requisite factual findings under section 61.075(1)(a)-(j) to substantiate the unequal distribution. The absence of justification for unequally distributing marital property fails to satisfy the plain language of the statute. See § 61.075(1), (3). As such, the order is facially deficient. See Diaz, 300 So. 3d at 771 (reversing the trial court's equitable distribution scheme, despite no transcript, because the court did not make findings under section 61.075(1) to support its unequal distribution of marital property).

The Judgment also awards Former Wife exclusive use and possession of the Marital Home, which is seemingly inconsistent with Former Wife receiving sole distribution of the Marital Home. A court may award exclusive use and possession of the home in connection to an alimony award, which the trial court did here. See Duncan v. Duncan, 379 So. 2d 949, 952 (Fla. 1980) ("The award of 'exclusive possession' of property subject to disposition in a dissolution proceeding should either be directly connected to the obligation to pay support or be temporarily necessary to prevent reduction in the value of the subject property."). But the award "should be for a specified period." Id.; see also Weisfeld v. Weisfeld, 545 So. 2d 1341, 1347-48 (Fla.

1989) (holding that the award of exclusive possession of the marital home "should not be for an indefinite period of time"). Here, the trial court failed to specify a time period, constituting facial error.

Second, Former Husband asserts that the trial court was unclear when it awarded Former Wife assets it found were dissipated from the Joint Marital Account. We agree. The Judgment awards Former Wife equitable distribution of all money deposited in the Joint Marital Account that Former Husband had "later dissipated." But the court also identifies the "[p]artial amount of dissipated assets" as having "amounted to but not limited to: $229,497.00" and awards Former Wife "at least 50% of the partial amount of dissipated assets . . . in the amount of $114,748.50."

Section 61.075(3)(a) requires the trial court to make "written findings of fact as to the . . . [c]lear identification of nonmarital assets and ownership interests." The court must also identify marital assets and designate "which spouse shall be entitled to each asset." § 61.075(3)(b). Awarding *at least* a 50% interest does not make clear whether Former Wife receives a half interest in the dissipated assets or a greater amount. Additionally, the trial court only quantified the "[p]artial amount of dissipated assets," making it unclear whether this constitutes the full dissipated assets that the trial court referenced earlier in the Judgment. The language is further ambiguous

6

because the court stated that the partial amount was "not limited to" $229,497.00. When read in conjunction, the paragraphs are ambiguous and do not comply with section 61.075(3)'s mandate to clearly identify ownership interests.

Third, Former Husband argues that the trial court's award to Former Wife of "at least 50% of the current fair market value" of the 3rd Street and 17th Place properties is ambiguous and constitutes a facial error. We agree. The Judgment is ambiguous for the same reasons as is the amount in dissipated assets from the Joint Marital Account. The usage of "at least" is not a sufficiently "clear identification" of ownership interests under section 61.075(3).

Fourth, Former Husband contends that the trial court's language in the Judgment regarding the marital home is contradictory, constituting facial error. The trial court ordered that the property in its entirety is distributed to Former Wife. But later, the Judgment referred to "Wife's 50% interest in all four (4) properties." It is unclear whether Former Wife was awarded full interest or half interest in the marital home. The language plainly contradicts itself in violation of section 61.075(3)(a)'s requirement of "[c]lear identification of nonmarital assets and ownership interests." Accordingly, this constitutes a facial error warranting reversal.

7

The final facial challenge Former Husband asserts is the trial court's reservation of jurisdiction. The court "reserve[d] jurisdiction over the parties and subject matter to resolve all issues relating to enforcement of the provisions of this final judgment . . . and to provide such other and further relief as the Court may deem necessary." The court also "reserve[d] jurisdiction to modify and enforce this Final Judgment." Former Husband claims that this is improper, and Former Wife agrees that the second reservation of jurisdiction, but not the first, should be stricken.

A blanket reservation for modification of the final judgment is erroneous as a matter of law, warranting reversal. See Knecht v. Palmer, 252 So. 3d 842, 847 (Fla. 5th DCA 2018) (reversing the trial court's reservation "for modification of any provision" in the final judgment); Fischer v. Fischer, 224 So. 3d 919, 919-20 (Fla. 1st DCA 2017) (dismissing the appeal because the trial court's reservation of jurisdiction "to determine the disposition" of the parties' property rendered the judgment a nonfinal order); Encarnacion v. Encarnacion, 877 So. 2d 960, 963 (Fla. 5th DCA 2004) ("At the time a judgment of dissolution of marriage becomes final, the parties' property rights, if determined by the judgment, are fixed as a matter of law.").

Here, the trial court's first reservation is not only to enforce the Judgment but "to provide such other and further relief as the Court may deem

8

necessary." This language operates as a blanket reservation to modify the parties' property rights. As the parties agree, the second reservation "to modify and enforce" the judgment is also improper.

## III.    CONCLUSION

For the reasons set forth above, we reverse in part and remand for further proceedings consistent with this opinion.

Affirmed in part and reversed in part.